UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOHN L. DEAN,

    Petitioner,

vs.

RAUL LOPEZ, Warden,

    Respondent.

No. C 10-2465 PJH (PR)

**ORDER TO SHOW CAUSE; DENIAL OF PETITIONER'S MOTION FOR STAY**

This is a habeas case brought pursuant to 28 U.S.C. § 2254 by a state prisoner. He has paid the filing fee.

Petitioner was convicted in Marin County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

A Marin County jury convicted petitioner of battery with serious bodily injury, *see* Cal. Penal Code § 243(d), and assault by means of force likely to cause great bodily injury, *see* Cal. Penal Code § 245(a)(1). The jury also found that the assault resulted in great bodily injury and was committed within a domestic relationship. *See* Cal. Penal Code § 12022.7(e). The court sentenced petitioner to prison for seven years.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for habeas relief, petitioner asserts that:  (1) his conviction was in violation of his federal due process and confrontation rights because it was based on testimony by a witness who was unable to tell the difference between truth and falsehood; (2) the trial court's failure to intervene sua sponte when it became apparent that the witness was incompetent to testify was a violation of his constitutional rights; and (3) trial counsel was ineffective in not objecting at trial to the witness's incompetency.

Issue two contains no reference to any particular constitutional provision, and the court is unaware of any constitutional requirement that a trial court intervene sua sponte to question the competency of a witness. Nor do the facts alleged point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut*, 431 F.2d at 689). Issue two will be dismissed; the other issues are sufficient to require an answer.

**C.     Motion for Stay**

Petitioner has filed a motion for a stay to allow him to exhaust additional claims of ineffective assistance of counsel. Although a district court may grant such a stay to allow

2

exhaustion, it can only do so when it has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner here has neither shown good cause for his failure to exhaust earlier, nor provided information as to the substance of the claims that would allow the court to evaluate whether they are potentially meritorious. The motion will be denied.

## CONCLUSION

1. Petitioner's motion for a stay (document number 2) id **DENIED**. Issue two is **DISMISSED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner

must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  January 31, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\DEAN2465.OSC.wpd